ADAM GORDON
United States Attorney
EVANGELINE A. DECH
Assistant U.S. Attorney
California Bar No.: 326832
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-9744
Email: evangeline.dech@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 25-cr-3020-DMS |
|---|---|
| Plaintiff, | **UNITED STATES' MOTION TO DETAIN** |
| v. | |
| JEANE WONG, | |
| Defendant | |

## I.  INTRODUCTION

Defendant Jeane WONG ("WONG") has, through her plea agreement, admitted that she physically assaulted a law enforcement officer. While her admitted physical assault, alone, strongly supports her detention pending sentencing, WONG continues to present a danger of physical violence to the community. The Court, therefore, must, consistent with 18 U.S.C. § 3143(a)(1), absent "clear and convincing evidence" that WONG will not "pose a danger to any other person or the community" order WONG detained.

## II.  FACTS

### *The Offense*

On July 2, 2025, at approximately 10:50 a.m., Homeland Security Investigation ("HSI") agents and task force officers were called to an apartment complex on Linda Vista Road in San Diego for assistance in securing a scene and processing evidence. That call

was in response to a vehicle collision that occurred during an immigration enforcement operation.

At approximately 11 a.m., HSI agents put up bright yellow tape to secure the scene that stated, "POLICE LINE DO NOT CROSS." At that time, there were approximately five bystanders protesting the immigration operation. Within a few minutes, the number increased to nearly two dozen. WONG was among the crowd. She called agents "Nazis," "racists," and "kidnappers" and threatened to "dox" the agents.[1]

The victim agent, Special Agent M. Hogan, was one of the responding HSI agents who provided security at the scene. M. Hogan arrived after the police tape was put up. Law enforcement, including M. Hogan repeatedly instructed WONG to stay away from the perimeter marked by the yellow tape. WONG refused. She pushed the tape forward. WONG approached M. Hogan. After providing repeated verbal instructions, M. Hogan tried to keep WONG back by placing his hands on her forearms. WONG then slapped M. Hogan in the face. She was arrested and charged by Complaint.

On July 3, 2025, the day after her arrest, this Court set a $10,000 personal appearance bond with conditions of release. WONG posted bond and was released that same day.

Throughout her time on pretrial release, WONG has continued to demonstrate that she poses a threat to both law enforcement and to the community.

***September 17, 2025 Incident (See Ex. A – Photographs)***

A resident of Encinitas contacted the US Attorneys Office to express her fear of the WONG. She claimed that WONG routinely screams at her during city council meetings, and on one occasion spit on the resident's friend. The resident provided the undersigned with a link to a September 17, 2025 city council meeting wherein the resident witnessed the sheriffs had to remove WONG from the meeting for her disruptive behavior.

---

[1] The term "dox" is a slang term referring to publicly revealing an individual's private information without their consent. "Doxing" can involve sharing sensitive details such as addresses, phone numbers, or other personal identifiers, typically to harass or intimidate the individual.

https://www.youtube.com/watch?v=_2WDmKZNZBo&t=14435s (removal at 4:00:00). Specifically, in the video, what appears to be WONG's voice shouts at a councilman, who repeatedly asks WONG to not disrupt. The voice continues shouting, so the council man asks the sheriffs to remove her from the meeting.

*November 18, 2025 Incident (See Ex. B – Report of Investigation)*

On November 18, 2025, at approximately 8:39 am, HSI agents conducted an immigration operation in southeastern San Deigo, near 47th Street, in an area known to them for having a high number of incidents of violent crime and gang activity. The agents were dressed in plain clothes and operating unmarked agency vehicles.

Protestors congregated. One individual used a megaphone to call out the agents. An agent departed the scene. A Mercedes followed the agent. At a red light, occupants of the Mercedes got out, surrounded the agent, and began filming. The agent called for assistance and ultimately drove to a Trolley Station parking lot. When backup officers arrived, WONG and another individual were seen standing next to the Mercedes, also in the Trolley Station parking lot. When asked for her identification, WONG refused. WONG yelled at the agents and threw items from her pockets at them. Agents handcuffed WONG. She continued to struggle with agents, and repeatedly shoved her body into them.

Law enforcement ultimately released WONG with a warning.

*December 30, 2025 Incident — (See Ex. C – email chain discussing incident)*

On or about December 30, 2025, a separate law enforcement agent observed what was later identified as WONG's van following the agent from the federal building in downtown San Diego to a residential area in North Park. At this time, the United States does not have additional information about this incident.

*January 23, 2026 Incident (See Ex. D – San Diego Union Tribune Article and Pre-Trial Services' Petition)*

On January 23, 2026, WONG was one of six individuals who broke into and barricaded themselves in the City Hall office of San Diego Mayor Todd Gloria. They raided Mr. Gloria's front desk office, banged on the doors, barricaded the doors, and had a

1  standoff with police until their arrest for trespassing. The misdemeanor trespassing charges
2  against WONG are currently pending.

### *Guilty Plea*

On January 29, 2026, WONG tendered a guilty plea to misdemeanor forcible assault of a federal officer for slapping M. Hogan in the face. Dkt. 52. Although the United States does not believe WONG has any convictions that would score in addition to her January 23, 2026 arrest, she has the following arrests (unrelated to the instant case): (1) 2018 failure to obey police officer's lawful orders and obstruction; and (2) 2025 remaining at the scene of a riot.[2] Her guideline range for sentencing purposes in this case is presently expected to be 8–14 months (limited by a 12-month statutory maximum).

### III.   ARGUMENT

WONG has pleaded guilty to assaulting a federal law enforcement officer. The Court should order WONG detained pending sentencing.

Subsection (1) of § 3143(a) mandates that a person "found guilty . . . who is awaiting imposition or execution of sentence" shall be detained, "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C § 3143(a)(1).[3] "Section 3143(a) creates a presumption in favor of detention pending sentencing." *United States v. Garivay*, No. CR-13-1070-PHX-SRB (LOA), 2013 U.S. Dist. LEXIS 176032, at *9 (D. Ariz. Dec. 16, 2013) (cleaned up). "The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."). Fed.R.Crim.P. Rule 46(c) (emphasis added).

---

[2] A criminal history report is pending.

[3] There are two inapplicable exceptions: "(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii)an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person." Defendant has pleaded guilty making acquittal or a new trial improbable. The Government intends to recommend a term of imprisonment.

Because WONG has pleaded guilty and cannot make the requisite showing that she does **not** "pose a danger to any other person or to the community", she must now be remanded into custody. Because of WONG's conduct, detailed above, all of which occurred while she was on pretrial release in this case and under the pretrial supervision, she cannot meet her burden establishing she does not pose a danger to any other person or to the community. Given WONG's track record, it is unlikely that she will comply with the conditions of her release until sentencing. *See United States v. Sanders*, No. 19-CR-125-A, 2019 WL 4016171, at *2 (W.D.N.Y. Aug. 26, 2019) ("[T]he number of times the defendant has been arrested while on bail or pending sentencing [for marijuana-related misdemeanors], and the number of times he has been arrested in the vicinity of 67 and 76 Townsend Street2, suggests that he is a danger to commit more crimes while on pretrial release and that he is not likely to abide by the conditions of release imposed by the Court.")

Whether WONG has been convicted of additional crimes is inapposite. The United States acknowledges that WONG's conduct after her July 2, 2025 arrest are allegations based on the records and/or documentation included as exhibits to this motion. However, the Court's consideration is not limited to convictions, sworn testimony, and formal exhibits, but the parties can "present information by proffer or otherwise." *See* 18 U.S.C. § 3142(f)(2) ("The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing."). The Court must consider the fact that WONG pleaded guilty to assaulting a federal law enforcement officer. Moreover, while on pre-trial release, there is evidence WONG has engaged in a variety of activities that, in and of themselves, illustrate her danger to the community. She verbally threatened and shoved law enforcement. She spit on a civilian. She entered city hall and occupied and engaged in barricading herself and others in the office of the San Diego Mayor. Given these efforts, coupled with WONG's admitted assault on a federal law enforcement officer, detention is necessary to protect the community. As WONG

1 cannot satisfy her burden of showing she is not a danger to the community or to any other person, WONG must be remanded to custody.[4]

### IV. CONCLUSION

The United States respectfully requests the Court order WONG detained pending sentencing in this case which is currently set for March 5, 2026.

DATED: February 6, 2026                    Respectfully submitted,

                                                                     ADAM GORDON
                                                                     United States Attorney

                                                                   */s/ Evangeline Dech*
                                                                     Assistant United States Attorney

---

[4] Alternatively, there is probable cause based on the petition before the Court that WONG committed another crime while on pre-trial release—trespassing. The Court may revoke WONG's release and remand her into custody pending sentencing pursuant to 18 U.S.C. § 3148(b).